Tilghman C. J.
The defence set up against this action is, that a feme sole trader may make herself liable for simple contract debts, but not for debts of the nature of specialty. *191 The cases which have been cited for the defendant, shew the law with respect to feme sole traders by the custom of London. But those cases are by no means conclusive in the construction of our act of assembly, which gives a feme sole trader a capacity of contracting debts, and being sued for for them, not only touching matters of her trade, but for the .maintenance of herself and children. She is placed on a different footing from a feme sole trader in London, and a much better one. For in London, the body of the feme may be taken in execution. But by our law the execution can issue only against her property, unless it appears to the Court to which the execution is returnable, that she has, out of her separate stock, paid debts which were contracted by her husband, or laid out money for the necessary support and maintenance of herself and children, in which cases execution shall be levied upon the estate, real and personal, of her absent husband, to the value so paid or laid out. Thus it appears, that married women stand in a different situation among us from any known to the law of England., and of course the law of England is not applicable. I perceive no difference within the meaning of our law, whether the debt be of the nature of specialty or simple contract, although in England there is a difference. There lands in the hands of the heir are not bound by simple contract debts, but here they are liable to the payment of all debts contracted by the ancestor, without regard to their nature. The covenants by which the defendant bound herself, in the present instance, were reasonable and necessary. She could not well support her family and carry on the business of her shop without a servant, and there was no more economical way of prqcuring a servant than the one which was taken. So that in fact, it was a contract for a necessary article. And now having enjoyed the benefit of the plaintiff’s services, the defendant attempts to deprive her of part of the stipulated reward by a quibble. She would avoid the contract, because she affixed her seal to it. In my opinion, the defence is equally void of law and of justice, and therefore the judgment should be affirmed.
Yeates J.
A demurrer confesses all the facts which are well pleaded. The facts, therefore, set forth in the replication below, are admitted to be true, that Burke, at the time of making the indenture, on which the action of covenant is *192 founded, was a feme sole trader, and as such earned a livelihood by shop-keeping, within the meaning of the act of assembly respecting feme sole traders.. The single question iii the case is, whether the plaintiff in error is legally bound by the covenants contained in the indenture of servitude made with a passenger from Amsterdam.
As to the honesty, justice, or equity of the demand of the defendant in ei'ror, there’ cannot be one particle df doubt.She served her mistress faithfully, as the pleadings shew, but has not in return received her three-quarters schooling or freedom dues. The objection urged against a compensation-in damages, is, that Burke being a married woman, could not bind herself by an instrument under seal. This is true, by the custom of London, and the-reason given is, that she might thereby bind her heirs., But our judicial polity is grounded on more just and liberal principles. Heirs here are bound by the contracts of their ancestors, and all lands descend subject to the payment of debts. By our early law, 22d February, 1718, feme sole traders may sue and be sued, plead and be impleaded at law, during their husbands’ natural lives, without naming their husbands: and where judgments are given against such wives for any debts contracted, or sums of money due, from them since their husbands left them, execution shall be awarded against the goods and chattels in the possession of such wives, &c. Thei-e is no restriction or limitation as to the nature of the debts contracted for, nor could there be one consistently with the spirit of our general system. The words are sufficiently general and extensive, to cover the present case, and therefore I concur in opinion^ that the judgment below be affirmed.
"Brackenridge J. concurred.
Judgment affirmed.